**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **William Lopez Garcia,** | **Case No. 4:26cv1000** |
| **Petitioners,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Kenneth Hoover, et al.,** | |
| **Respondents.** | **MEMORANDUM OPINION & ORDER** |

On April 28, 2026, Petitioner William Lopez Garcia ("Petitioner" or "Lopez Garcia") filed a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus ("Petition"), in which he asserts that he is presently being unlawfully detained by U.S. Immigration and Customs Enforcement ("ICE") without bond.  (Doc. No. 1.)  Pursuant to an expedited briefing Order issued by this Court, Respondents Robert Lynch, Director of the Detroit ICE Field Office; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Attorney General of the United States (hereinafter referred to collectively as "Federal Respondents")[1] filed an "Abbreviated Response to Petition" on May 12, 2026.  (Doc. No. 5.)  Therein, the Federal Respondents concede that the Sixth Circuit's May 11, 2026 decision in *Lopez-Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026) controls in this matter.  (*Id.*)

For the reasons discussed in this Order, and in light of the Sixth Circuit's recent decision in *Lopez-Campos*, the Petition is granted as set forth herein.

---

[1] Petitioner names Kenneth Hoover, Warden of the Northeast Ohio Correctional Center as a Respondent.  The docket reflects that Petitioner failed to serve Respondent Hoover with a copy of the Petition and its Exhibits.  Counsel has not entered an appearance for Respondent Hoover and Respondent Hoover did not file a response to the Petition.  However, because the Court is granting the instant Petition as set forth herein, the Court need not address this issue.

## I.      Background

### A.      Factual Allegations[2]

Lopez Garcia is a native and citizen of Nicaragua.  (Doc. No. 1 at ¶ 16.)  He entered the United States on January 11, 2022.  (*Id*. at ¶ 17.)  DHS filed a notice to appear and commenced removal proceedings against him.  (*Id*.)  Lopez Garcia subsequently applied for asylum.  (*Id*.)  On December 13, 2023, an Immigration Judge  ("IJ") ordered Lopez Garcia removed.  (*Id*.)  Lopez Garcia timely appealed the IJ's removal order to the Board of Immigration Appeals ("BIA").  (*Id*.)  According to Lopez Garcia, his appeal is still pending as of the date of this Order.  (*Id*.)

On February 17, 2026, Lopez Garcia was detained by ICE while he was "on his way to work with his friends."  (*Id*. at  ¶ 18.)  He filed a motion for bond on March 3, 2026, in which he argued that he "lacks a criminal record, is not a danger to the community, is not a threat to national security, or is not a flight risk."  (*Id*. at ¶ 20.)  The IJ denied Lopez Garcia's bond request on March 6, 2026, on the grounds that "the court lacked jurisdiction to grant bond, because the Petitioner was subject to mandatory detention as an applicant for admission."  (*Id*.)  Lopez Garcia timely appealed the IJ's denial of bond to the BIA.  (*Id*.)  The appeal remains pending as of the date of this Order.

### B.      Procedural History

On April 28, 2026, Lopez Garcia filed a habeas petition with this Court pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Therein, Lopez Garcia asserts (among other things) that he is being unlawfully

---

[2] In setting forth the factual background, the Court relies on the factual allegations in the Petition.  (Doc. No. 1.)  The Court notes that Lopez Garcia provides only skeletal allegations in his Petition regarding his entry into the United States and his subsequent administrative immigration proceedings.  (Doc. No. 1 at PageID#s 4-5.)  Moreover, Lopez Garcia did not provide copies of any of the documentation and filings relating to his immigration proceedings.  As discussed *infra*, the Federal Respondents filed an "Abbreviated Response" to the Petition. Therein, the Federal Respondents did not provide any information or documentation regarding Lopez Garcia's immigration proceedings.

held without bond because the IJ has improperly determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than to discretionary bond determinations under 8 U.S.C. § 1226(a).[3] (*Id.* at PageID#s 16-20.) Lopez Garcia further alleges that his continued detention without an individualized bond hearing violates his Fifth Amendment due process rights, as well as his Eighth Amendment right against excessive bail and cruel and unusual punishment. (*Id*. at PageID#s 12-16.)

Based on the above, Lopez Garcia asserts claims for (1) Violation of Fifth Amendment Right to Due Process (Illegal Retroactive Application of the Expedited Removal Statute) (Count One); (2) Violation of Fifth Amendment Right to Due Process (Procedural Due Process) (Count Two); (3) Violation of Eighth Amendment Right Against Excessive Bail and Cruel and Unusual Punishment (Count Three); (4) Violation of 8 U.S.C. § 1225(b) (Violates the Plain Language of the Statute) (Count Four); (5) Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) (Violation of 8 U.S.C. § 1225(b)) (Count Five); (6) Violation of APA (Violation of 8 U.S.C. § 1226) (Count Six). (*Id*. at PageID#s 11-20.)

In his Prayer for Relief, Lopez Garcia requests that this Court: (1) assume jurisdiction over this matter; (2) declare that his detention violates the Due Process Clause of the Fifth Amendment, the Eighth Amendment's Prohibition Against Excessive Bail and Cruel and Unusual Punishment, 8 U.S.C. § 1225, and 5 U.S.C. § 706(2)(A); (3) "issue a Writ of Habeas Corpus ordering Respondents to release [him] from custody immediately; or in the alternative, the Court should either hold a bond hearing or order the government to provide [him] a bond hearing immediately, before a neutral

---

[3] The Court has set forth the statutory framework regarding detention and bond in this context in several recent Opinions and will not repeat that information herein. *See Mendoza v. Raycraft*, 2025 WL 3157796 at * 8 (N.D. Ohio Nov. 12, 2025) (Barker, J.); *Hernandez Torrealba v. United States Department of Homeland Security, et al.,* 2025 WL 2444114 at * 8-12 (N.D. Ohio Aug. 25, 2025) (Barker, J.); *Campos-Rios v. Blanche, et al*., Case No. 3:26cv00640 (N.D. Ohio) (Doc. No. 6).

arbiter, and with the burden upon the government to prove by clear and convincing evidence that [he] is a danger to the community and flight risk; taking into account his ability to pay any bond;" and (4) award him attorney's fees and costs under the Equal Access to Justice Act.  (*Id*. at PageID#s 20-21.)

On April 29, 2026, the Court directed the Clerk to forward a copy of the Petition to the Office of the United States Attorney, Northern District of Ohio.  *See* Non-Doc. Order dated April 29, 2026. In addition, pursuant to 28 U.S.C. § 2243 and for good cause shown, the Court ordered (1) Respondents to respond to the Petition by no later than May 13, 2026; and (2) Lopez Garcia to file a Reply by no later than May 27, 2026.  (*Id*.)

On May 11, 2026, a panel of the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026).  On May 12, 2026, the Federal Respondents filed an "Abbreviated Response to the Petition," in which they concede that *Lopez-Campos, supra,* controls in this matter and that Petitioner herein is entitled to a bond hearing pursuant to that decision.  (Doc. No. 5.)  Specifically, the Federal Respondents state, in relevant part, as follows:

> Respondent has reviewed this Petition and has determined that the United States Court of Appeals for the Sixth Circuit's recent decision controls.  *Lopez-Campos, et al. v. Raycraft, et al*., ___ F.4th ___, Nos. 25-1965/1969/1978/1982, 2026 U.S. App. LEXIS 13519 (6th Cir. May 11, 2026). There, the Sixth Circuit held that an "applicant for admission" is not necessarily "seeking admission" and therefore not subject to mandatory detention under § 1225(b)(2)(A). *Id*. at *31. **Thus, pursuant to *Lopez-Campos*, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment.  *Id.* at *34. The Court need not proceed to evaluate any other claims raised in the Petition.**
>
> Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*. While reserving all rights, including the right to appeal on the issue of the proper detention authority for noncitizens like Petitioner who are present in the United States unlawfully, **Respondent acknowledges *Lopez-Campos* is binding on this Court and controls the outcome of this matter. Consistent with the relief affirmed in *Lopez-Campos*, the Court should order that an immigration judge conduct a bond**

4

**hearing under 8 U.S.C. § 1226(a) within seven days of the issuance of the order, or immediately release Petitioner.**

(*Id.*)(emphasis added).

## II.     Analysis

As the Federal Respondents acknowledge, the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026) is dispositive in this matter. In that case, a panel of the Sixth Circuit considered a consolidated appeal of the decisions of four Michigan district courts granting habeas relief under § 2241.  As the Sixth Circuit explained, the petitioners in these cases "are citizens of Mexico, El Salvador, Venezuela, Nicaragua, and Guatemala who have resided in the United States without lawful status for years" and "without much incident outside of some minor traffic offenses." *Id*. at * 1.  Petitioners "were arrested by [ICE], charged with entering the United States without inspection, and, pursuant to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention statutory scheme and the [BIA's] decision *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), detained without a determination of their flight risk and dangerousness." *Id*.

The petitioners filed their respective habeas petitions in the Eastern and Western Districts of Michigan, arguing that they were unlawfully detained under § 1225(b)(2)(A) and should have instead been detained under § 1226 and provided a bond hearing. *Id*.  In addition, the petitioners claimed that the Government's failure to provide a bond hearing to determine whether they posed a flight risk or danger to others, under any detention statute, violated their due process rights. *Id*.  The district courts granted the petitions, agreeing with the petitioners that § 1226(a) governed their detention and thus the petitioners should have been afforded a bond hearing before an IJ under that statute.  With

one exception, the district courts also determined that the Government's failure to provide a bond hearing violated the petitioners' Fifth Amendment due process rights.[4]  The Government appealed.

In a 2-1 decision, a panel of the Sixth Circuit affirmed.  The court first examined the text of § 1225(b)(2)(A) and found that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer."  *Id*. at * 4.  The court concluded that "[n]oncitizens like Petitioners, who did not attempt lawful entry into the United States and are actively avoiding being inspected for lawful entry, are not 'seeking admission' and are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme."  *Id*.  "And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226."  *Id*. at * 11 (quoting *Jennings v. Rodriguez*, 583 U.S. 281 303 (2018)).  Thus, the Sixth Circuit held that the district courts did not err when they held that the petitioners' detentions under § 1225(b)(2)(A) were unlawful and that petitioners should have been provided individualized bond hearings under § 1226(a).  *Id.*

The Sixth Circuit next considered the petitioners' claims under the Fifth Amendment Due Process Clause.  *Id*. at * 11-13.  After noting that "noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause," the Sixth Circuit affirmed the district courts' determinations that the Government's detention of petitioners without bond under § 1226(a) was a deprivation of liberty that violated their due process rights.  *Id*. at * 13.  The court explained:

---

[4] Because the district court in *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *7 (E.D. Mich. Sept. 9, 2025) granted relief to Petitioner Reyes based on its statutory interpretation of §§ 1225(b)(2)(A) and 1226, it declined to decide the merits of Reyes's Fifth Amendment due process claim.  *Pizarro Reyes*, 2025 WL 2609425 at *8.

6

"We find no error in the district courts' conclusions that Petitioners were due individualized bond hearings in light of the significant time they have spent within the interior of the United States. We therefore find no reason to disturb the district courts' due process holdings."  *Id*.

The same reasoning applies here.  Like the petitioners in the *Lopez-Campos* consolidated appeal, Lopez Garcia alleges that he has resided in the United States for several years.  (Doc. No. 1 at ¶ 17.)  He was arrested and detained by ICE on February 17, 2026).  (*Id*. at ¶¶ 18-20.)  On March 3, 2026, Lopez Garcia filed a request for bond, which the IJ denied for lack of jurisdiction on March 6, 2026.  (*Id.* at ¶ 20.)

In light of the Sixth Circuit's binding decision in *Lopez-Campos,* the Court finds that Lopez Garcia is unlawfully detained under § 1225(b)(2)(A).  As the Federal Respondents concede, Lopez Garcia's detention is governed by § 1226(a) and he is entitled to a bond hearing under the Fifth Amendment.  *See* Doc. No. 5.  Based on the above, this Court agrees with the Federal Respondents that it need not evaluate any other claims raised in the Petition.

The Court must next determine the appropriate remedy.  Lopez Garcia requests immediate release from custody or, alternatively, an order requiring Respondents to provide him with a bond hearing pursuant to § 1226(a) within seven days.  (Doc. No. 1 at PageID# 21.)  Upon consideration, the Court declines to order Lopez Garcia's immediate release and instead orders the Federal Respondents to provide him with a bond hearing within seven (7) days of the date of this Order.[5]  At that hearing, the Federal Respondents shall bear the burden of proof by clear and convincing evidence that Lopez Garcia's continued detention is justified or warranted.

---

[5] District courts in this Circuit addressing similar issues agree that a more appropriate remedy is a bond hearing before an immigration judge.  *See, e.g., E. V. v. Raycraft*, 2025 WL 3122837 at * 12 (N.D. Ohio Nov. 7, 2025) (collecting cases); *Reyes Rodriguez v. Greene*, 2026 WL 574961 at * 15 (N.D. Ohio March 2, 2026).

## IV.     Conclusion

For all the reasons set forth above, the Petition (Doc. No. 1) is GRANTED as follows.  The Court hereby ORDERS the Federal Respondents to hold a hearing no more than seven (7) days from the day of this Order to determine whether to release Petitioner on bond.  At that hearing, the Federal Respondents shall bear the burden of proof by clear and convincing evidence that Petitioner's continued detention is justified or warranted.  The Court further ORDERS the Federal Respondents to file, within fourteen (14) days from the day of this Order, a certificate of compliance certifying that the government has complied with this Order and stating whether Petitioner remains in custody.

**IT IS SO ORDERED.**

Dated:  May 18, 2026                                    *s/Pamela A. Barker*
                                                  PAMELA A. BARKER
                                                  UNITED STATES DISTRICT JUDGE